## TYLER v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. January 15, 1901.)

No. 325.

1. BANK TELLER — PROSECUTION FOR EMBEZZLEMENT — PEREMPTORY CHALLENGES TO JURORS.

In determining the number of peremptory challenges to which a bank teller accused of embezzling funds of the bank in violation of Rev. St. U. S. § 5209, is entitled, the offense will be considered a misdemeanor, regardless of the penalty attached thereto, since the statute defining and creating it explicitly says that a party guilty thereof "shall be deemed guilty of a misdemeanor."

2. SAME—EVIDENCE—ORGANIZATION OF BANK—EXTENSION OF POWERS.

In the prosecution of a bank teller for embezzling funds of the bank in violation of Rev. St. § 5209, the comptroller's certificate of the organization of the bank and the extension of its powers and privileges was admissible.

3. SAME—CONDUCT IN PERFORMANCE OF DUTY.

Evidence as to how he conducted himself in the performance of his duty as teller was competent.

4. SAME—ENTRY OF DEPOSIT—RES INTER ALIOS.

A 'deposit slip introduced in evidence was delivered to accused by the clerk of the depositor at the time he deposited money and checks specified therein, and the deposit was made with the accused as teller; and the depositor's pass book showed the entry, in the handwriting of the accused, of $274, the amount of the deposit. *Held*, that an entry by the accused 'of a deposit of the same amount, in the ledger' of the bank under a subsequent date, as made by a depositor of the same surname, but different initials, was not res inter alios, especially as the book was not in his charge or kept by him.

In Error to the Circuit Court of the United States for the District of Massachusetts.

Joel G. Tyler was convicted of embezzling funds of a bank in violation of Rev. St. U. S. § 5209. The deposit slip referred to in the opinion was delivered December 13, 1897, and the ledger entry referred to was dated February 8, 1898.

John W. Corcoran and William B. Sullivan, for plaintiff in error.

Boyd B. Jones, U. S. Atty. (John H. Casey, Asst. U. S. Atty., on the brief), for defendant in error.

Before COLT, Circuit Judge, and WEBB and BROWN, District Judges.

PER CURIAM. The plaintiff in error has waived the questions raised on the demurrer to count 10, and no discussion of them is called for, though it may be said in passing that we do not see how they could have been sustained if insisted on.

The exception to the ruling of the court on the matter of challenges of jurors cannot be sustained. The defendant was allowed three peremptory challenges,—the full number allowed by section 219 of the Revised Statutes in misdemeanors. But the plaintiff in error contends that he was indicted for a felony, and was entitled by that section to ten challenges. He contends, on the authority of several decisions cited, that the penalty attached to the offense for which he was indicted made the crime a felony. Without entering into a discussion of the definition of a felony, it is enough to say that the section of the Revised Statutes which defines and creates the crime explicitly says that the party convicted of a violation of that section "shall be deemed guilty of a misdemeanor." This provision is decisive of the question now before this court. This was decided by this court in Jewett v. U. S., 41 C. C. A. 88, 100 Fed. 832.

The comptroller's certificate of the organization of the bank, and of the extension of its powers and privileges, was clearly admissible in evidence. Other objections to the admission of evidence disregard the real purpose and effect of the evidence, and seek to exclude it upon grounds not acted upon by the court. It was the action of Tyler that was under investigation, and it was competent to show how he conducted himself in the performance of his duty as a teller of the bank.

The objection to the deposit slip fails to recognize the fact that that slip was delivered to Tyler by the clerk of J. H. Fairbanks at the time he deposited the money and checks therein specified, and that that deposit was made with Tyler as teller; and J. H. Fairbanks' pass book shows the entry, in the handwriting of Tyler, of $274, the amount of that deposit. That Tyler entered a deposit of the same amount in the ledger of the bank, under date of February 8th, as made by C. L. Fairbanks, does not make this act of Tyler res inter alios, especially as that entry was made in a book not under his charge, nor kept by him. It is an elementary rule in criminal law that the prosecution is not required to prove the commission of the offense on the precise day laid in the indictment, unless, when time is of the essence of the crime, if the time proved is within the statute of limitations; nor is it held to prove exact quantities and values as charged in the indictment. The judgment of the circuit court is affirmed.